IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JULIAN BODNARI,                               :
                                              :
            Petitioner,                       :
                                              :
      v.                                      :        Civ. A. No. 19-1725-CFC
                                              :
DANA METZGER, Warden, and ATTORNEY   :
GENERAL OF THE STATE OF DELAWARE,   :
                                              :
            Respondents.                      :

---

## MEMORANDUM

## I.     BACKGROUND

In July 2000, a Delaware Superior Court jury convicted Petitioner Julian Bodnari

of sixteen charges: trafficking in cocaine, possession with intent to deliver cocaine,

possession of a firearm during the commission of a felony, carrying a concealed deadly

weapon, second degree conspiracy, six counts of second degree forgery, criminal

impersonation, and various traffic offenses. *See State v. Bodnari*, 2002 WL 32071664,

at *1 (Del. Super. Ct. Dec. 30, 2002).  The jury acquitted Petitioner of two additional

charges: maintaining a vehicle for keeping controlled substances and possession of

drug paraphernalia. *See id.* at *1 n.1.  Petitioner filed motions for a new trial and for

judgment of acquittal.  The Superior Court denied the motions in June 2002. *State v.*

*Bodnari*, 2002 WL 32071648 (Del. Super. Ct. June 14, 2002). In August 2002, Petitioner

moved for a new trial based on the State's alleged violation of *Brady v. Maryland*, 373

U.S. 83 (1963) and the discovery of newly discovered evidence.  The Superior Court

denied Petitioner's motion on December 30, 2002. *See Bodnari*, 2002 WL 32071664.

In 2003, the Superior Court sentenced Petitioner to 33 years of mandatory incarceration to be followed by probation. *See Bodnari v. State*, 144 A.3d 551 (Table), 2016 WL 4091232, at *1 (Del. July 18, 2016).  The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *See Bodnari v. State*, 839 A.2d 665 (Table), 2003 WL 227880372 (Del. Dec. 3, 2003).

In June 2004, acting *pro se,* Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 (the "Rule 61 motion"). *See State v. Bodnari*, 2005 WL 589932 (Del. Super. Ct. Feb. 28, 2005).  The Superior Court denied the Rule 61 motion in February 2005, and the Delaware Supreme Court affirmed that decision. *See id.*; *Bodnari v. State*, 892 A.2d 1083 (Table), 2006 WL 155237 (Del. Jan. 18, 2006).

In 2006, Petitioner filed in this Court a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (*See* D.I. 1 in *Bodnari v. Phelps*, Civ. A. No. 06-257-GMS)  The Honorable Gregory M. Sleet dismissed the petition in its entirety in 2009 and, more specifically, denied one claim as procedurally barred, two claims for failing to satisfy the standard articulated in § 2254(d), and one claim for failing to present an issue cognizable on federal habeas review. *See Bodnari v. Phelps*, 2009 WL 1916920 (D. Del. July 6, 2009).  Petitioner appealed, and the Third Circuit declined to issue a certificate of appealability, explaining that Petitioner's "claims are procedurally barred, not cognizable in habeas corpus, or they lack merit."  (D.I. 31 in *Bodnari*, Civ. A. No. 06-257-GMS)  Thereafter, Petitioner filed at least two unsuccessful motions in the Delaware state courts seeking resentencing or modification of his sentence. *See, e.g.,*

*Bodnari*, 2016 WL 4091232 (affirming the Superior Court's denial of Petitioner's motion for resentencing); *Bodnari v. State*, 216 A.3d 868 (Table), 2019 WL 3945647 (Del. Aug. 20, 2019) (affirming the Superior Court's denial of Petitioner's motion for sentence reduction/modification).

In September 2019, Petitioner filed a new petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (D.I. 1)

## II.    LEGAL STANDARDS

A district court may summarily dismiss a petition for a writ of habeas corpus without ordering a responsive pleading "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, 28 U.S.C. foll. § 2254; *see also Mayle v. Felix*, 545 U.S. 644, 656 (2005).  Federal habeas relief under 28 U.S.C. § 2254 is only available to a petitioner who demonstrates that his custody under a state court judgment violates the Constitution or laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254.  A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition.  *See Benchoff v. Colleran*, 404

3

F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).  If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

III.    **DISCUSSION**

The instant Petition asserts the following two grounds challenging the Delaware Supreme Court's 2019 affirmance of the Superior Court's decision denying Petitioner's Rule 35 motion for correction/modification of sentence: (1) the Delaware Supreme Court violated Petitioner's due process rights by applying the wrong standard of review when assessing his argument that his original sentence was based on inaccurate information; and (2) the Delaware Supreme Court abused its discretion in refusing to review the Superior Court's denial of a discovery motion filed in his Rule 35 proceeding.  (D.I. 1 at 2-3)  Petitioner asks the Court to provide the following relief: (1) reverse and vacate his convictions and sentences; and (2) remand his case for resentencing after "all inaccurate and extraneous information is erased from the [Delaware] courts' records and or prison files."  (D.I. 1 at 4)

To the extent the claims in the instant Petition challenge the Delaware Supreme Court's 2019 decision affirming the Superior Court's denial of Petitioner's Rule 35 motion, the Petition fails to assert an issue cognizable on federal habeas review.  *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir.1998) (holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in

4

the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.") (emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Therefore, the Court will dismiss the Petition for lack of jurisdiction because Petitioner has failed to present a proper basis for federal habeas relief.

To the extent Petitioner's underlying argument that "he did not receive a fair sentencing originally [] due to the court's reliance on inaccurate and extraneous information in the record" (D.I. 1 at 2-3) should be considered in conjunction with his request that the Court "reverse and vacate his convictions and sentences" (D.I. 1 at 4), the Court alternatively construes the Petition as challenging the validity of Petitioner's original sentencing proceeding. This interpretation of the Petition, however, does not aid Petitioner in his quest for habeas relief. Since Petitioner's first petition was adjudicated on the merits,[1] and Petitioner could have challenged the accuracy of the

---

[1]"The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits," as does the dismissal of a claim for failing to assert a cognizable issue on federal habeas review, because both dismissals present "permanent and incurable" bars to federal habeas relief. *See Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005); *United States v. Flake*, 416 F. App'x 134, 136 (3d Cir. 2011); *see also Davis v. Koenig*, 2021 WL 949413, at *2 (E.D. Cal. Mar. 12, 2021); *Doucet v. Warden, Franklin Parish Detention Ctr.*, 2012 WL 5400035, at *2 (W.D. La. Oct. 15, 2012); *see also Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (collecting cases); *Rauso v. Pennsylvania Board of Probation & Parole*, 2004 WL 1126283, at *1 (E.D. Pa. May 20, 2004) (explaining how, when denying petitioner's § 2244 motion for leave to file a second or successive habeas petition, the "Third Circuit noted that the prior habeas petition had been dismissed for procedural default and that procedural default is a dismissal on the merits for purposes of requiring leave to file an application to file a second or successive habeas petition.").

information forming the basis of his original sentence in his first petition, Petitioner's instant challenge to his original sentencing constitutes a second or successive habeas petition under 28 U.S.C. § 2244.  *See Greiner*, 394 F.3d at 80; *Benchoff*, 404 F.3d at 817-18.  The Court lacks jurisdiction over Petitioner's successive habeas request because he did not obtain the requisite authorization from the Third Circuit Court of Appeals to file the instant Petition.  The Court further concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because the instant Petition does not come close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).  Given these circumstances, the Court will alternatively dismiss the Petition for lack of jurisdiction because it constitutes an unauthorized second or successive petition.

## IV.   PENDING MOTION

During the pendency of this proceeding, Petitioner filed a "Motion for Judgment as a Matter of Law."  (D.I. 7)  Having already decided to dismiss the instant Petition for lack of jurisdiction, the Court will dismiss the Motion as moot.

## V.   CONCLUSION

Based on the foregoing, the Court concludes that the instant Petition either asserts issues that are not cognizable on federal habeas review or constitutes an unauthorized second or successive request for habeas relief.  Therefore, the Court will summarily dismiss the Petition for lack of jurisdiction and dismiss as moot the pending Motion. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional

6

right."  *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*,

113 F.3d 470 (3d Cir. 1997).  A separate Order will be entered.


Dated: April 20, 2021

_____
UNITED STATES DISTRICT JUDGE

7